IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDEMYS N.R.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | Civil No. 1:26-cv-07685-MWJS<br><br>ORDER DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 220-511-164 |

**ORDER DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Addemys N.R.[1] is an immigration detainee proceeding with a first amended petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 14.

Petitioner entered the country at an unknown time and place. *See Addemys N.R. v. Warden of Cal. City Det. Facility*, No. 1:26-cv-03892-MWJS, 2026 WL 1831763, at *1 (E.D. Cal. June 25, 2026). He was arrested on a charge of aggravated battery with a deadly weapon by local police in Florida in April 2026. *Id.* A few days after his arrest,

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner was transferred to Immigration and Customs Enforcement custody. *Id.* He has remained in immigration detention ever since. *Id.*

In May 2026, Petitioner filed his first habeas petition. The court ordered the government to release Petitioner unless it demonstrated by clear and convincing evidence at a bond hearing before a neutral decisionmaker that Petitioner is a flight risk or danger to the community. *Id.* at *4. Petitioner received a hearing on July 8, 2026, and an immigration judge denied bond. *See Addemys N.R. v. Warden of Cal. City Det. Facility*, No. 1:26-cv-03892-MWJS, 2026 WL 2206243, at *1 (E.D. Cal. July 30, 2026).

After the court ordered that Petitioner receive another bond hearing, *id.*, an immigration judge again denied bond following a hearing on August 6, 2026. *See Addemys N.R. v. Warden of the California City Det. Facility*, No. 1:26-CV-03892-MWJS, 2026 WL 3084457, at *1 (E.D. Cal. Oct. 15, 2026). The immigration judge found that Petitioner is both a danger and flight risk. *Id.* at *2. The court recently concluded that the immigration judge did not abuse their discretion in denying bond. *Id.* at *3–5. Petitioner appealed the immigration judge's August 6 bond decision to the Board of Immigration Appeals (BIA), and that appeal remains pending. *See* Dkt. No. 14-2, at pgs. 19–28.

In the meantime, on May 22, 2026, an immigration judge ordered Petitioner's removal. *Id.* at pgs. 8–11. Petitioner also appealed that decision to the BIA, and that appeal, too, remains pending. *Id.* at pgs. 15–17.

In the first amended petition, Dkt. No. 14, and his traverse, Dkt. No. 19, Petitioner asserts a "prolonged-detention claim." *See* Dkt. No. 19, at pg. 2.

As the court has already concluded, Petitioner is currently detained under 8 U.S.C. § 1226(a). The Ninth Circuit has held that the government's detention authority under that subsection is "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (cleaned up). Although such authority might yield to constitutional considerations when a noncitizen is "stuck in a removable-but-unremovable limbo," the lack of a certain end date, without more, does not render a noncitizen's detention indefinite. *Id.* A noncitizen detained under 8 U.S.C. § 1226(a) "remains *capable* of being removed—even if it has not yet finally been determined that he *should* be removed—and so the government retains an interest in assuring his presence at removal." *Id.* at 1965 (cleaned up).

At various points, Petitioner notes that he has been detained for more than six months. *See, e.g.*, Dkt. No. 19, at pgs. 1, 3. As Petitioner appears to recognize, however, the fact that a period of detention under 8 U.S.C. § 1226(a) extends even far beyond six months does not necessarily mean that it is indefinite. *Prieto-Romero*, 534 F.3d at 1068 (concluding that non-citizen's three-plus years of detention under 8 U.S.C. § 1226(a) was lawful).

Petitioner does not explain why nor does anything in the current record suggest that Petitioner's current detention is not reasonably necessary to bring about his removal. In addition, as the court has already concluded, Petitioner received a bond hearing that afforded him an individualized determination by a neutral decisionmaker of the government's interest in his continued detention. *See Addemys N.R.*, 2026 WL 3084457, at *3–5.

The court therefore DISMISSES the petition without prejudice. *See, e.g.*, *Marco A.A.T.*, No. 1:26-cv-07936-MWJS, 2026 WL 3134683, at *2 (E.D. Cal. Oct. 20, 2026); *Garcia v. Warden of the Cal. City Corr. Ctr.*, No. 2:26-cv-00511-JLT-CDB (HC), 2026 WL 3168215, at *7–8 (E.D. Cal. Oct. 21, 2026). This dismissal does not foreclose Petitioner from filing another petition if, at some point, he is able to show that his detention has extended beyond the period reasonably necessary to effectuate his removal. Nor does it preclude

//

//

//

//

//

//

//

//

//

//

Petitioner from requesting another bond hearing before an immigration judge, if his circumstances materially change. *See* 8 C.F.R. § 1003.19(e); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: November 3, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge